Ian K. Boyd (*pro hac vice pending*)
Ellen P. Liu (*pro hac vice pending*)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
Telephone: 415.392.1960
E-Mail: iboyd@sideman.com
E-Mail: eliu@sideman.com

Michael J. McCue
Nevada Bar No. 6055
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: 702.949.8200
Email: mmccue@lrrc.com

Attorneys for Plaintiff
ROCKSTAR, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROCKSTAR, INC., a Nevada corporation, | Case No. 2:18-cv-02371 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| CELSIUS HOLDINGS, INC., a Florida corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Rockstar, Inc. ("Rockstar") alleges and complains against Defendant Celsius Holdings, Inc. ("Celsius" or "Defendant") as follows:

**INTRODUCTION**

1. Rockstar files this action to halt Defendant's knowing and willful false and misleading advertising and deceptive business practices. Defendant's entire business model is premised on willfully misbranding its conventional beverages as dietary supplements in violation of federal law and duping the consuming public with the false and misleading contention that its products provide "HEALTHY ENERGY" and are thus "HEALTHY." Defendant also prominently places images of fruit on its labels to (falsely) convey the

overall impression that its products are healthy and nutritious, when in fact its misbranded products do not contain, and Defendant purposefully fails to disclose that they do not contain, any fruit or fruit juice.

2. All of the self-funded studies in the world cannot hide the fact that Celsius contains customary energy drink ingredients, with standard amounts of customary artificial sweeteners such as sucralose (also found in Diet Coke), and its attempt to tout its beverages as a "healthy" alternative to other "unhealthy" energy drinks is nothing short of a marketing charade that disparages and damages its direct competitor Rockstar. Rockstar accordingly files this action for damages and injunctive relief.

## THE PARTIES

3. Rockstar is a corporation organized, existing and doing business under and by virtue of the laws of the State of Nevada, with its office and principal place of business in Las Vegas, Nevada.

4. Rockstar is informed and believes that Celsius is a Florida corporation with its principal place of business in Boca Raton, Florida.

## JURISDICTION AND VENUE

5. This is an action for false advertising violations under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Rockstar's related state law claims pursuant to 28 U.S.C. §§ 1138 and 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. The Court has specific personal jurisdiction because Celsius has purposefully availed itself of Nevada's laws through its activities. Celsius sells its beverages bearing its unlawful packaging and promotion at numerous retailers in Nevada, including 7-Eleven and Target. Defendant has not only directed its business activities to this District, it has also misled consumers in this District, and committed the acts complained of herein with knowledge that their acts would be felt by Rockstar in this District.

///

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred and are occurring in this District. Defendant regularly and deliberately engages in activities that occur in and/or result in the sales of goods in this District.

## FACTUAL ALLEGATIONS

8. Founded by C.E.O. Russ Weiner in 2001, Rockstar innovated the now ubiquitous sixteen-ounce energy drink and is an American success story, having sold billions of energy drinks across the globe since its inception. Rockstar's energy drinks are among the most popular energy drinks in the world.

9. Rockstar's energy drinks are available in over 25 flavors/varieties in the U.S. and at well over 100,000 points of distribution, including grocery stores, convenience stores, liquor stores, warehouse retailers, restaurants, bars, nightclubs, gas stations, and other retail establishments. Such points of distribution include, but are not limited to, Safeway, Albertson's, Walgreens, Costco, Circle K, Publix, Sam's Club, Wal-Mart, Target, Chevron, and 7-Eleven, among numerous others.

10. Rockstar is informed and believes that Defendant was founded in 2004. After floundering in the beverage space for many years, Defendant recently began to experience commercial success through falsely promoting its energy drinks as a "HEALTHY ENERGY" alternative pursuant to a so-called "proprietary formula," when in fact Celsius is a standard energy drink containing customary energy drink ingredients and artificial sweeteners.

**DEFENDANT VIOLATES THE FDCA BY FAILING TO PROPERLY CLASSIFY ITS PRODUCTS AS CONVENTIONAL FOODS**

11. Defendant's beverage offerings include: (1) Celsius Originals; (2) Celsius Naturals; and (3) Celsius Heat. Examples of the Celsius products, advertising "HEALTHY ENERGY," are shown below:

///

///



12. Examples of the CELSIUS HEAT beverage, advertising that it "PROVIDES HEALTHY ENERGY" are shown below.

///

///

///

///

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711





LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

13. Defendant purposefully misclassifies and misbrands its energy drinks as dietary supplements, rather than as conventional foods, in violation of 21 U.S.C. § 321 because dietary supplements face less regulatory scrutiny under the Dietary Supplement Health and Education Act ("DSHEA") than conventional foods do under the Federal Food and Drug Cosmetic Act ("FDCA").

14. Defendant's products, falsely cloaked as "fitness drinks" despite the fact that drinking them does not make one fit, are simply standard conventional foods (energy drinks)

under the regulations of the FDCA. *See, e.g., Guidance for Industry: Distinguishing Liquid Dietary Supplements from Beverages* (https://www.fda.gov/food/guidanceregulation/guidancedocumentsregulatoryinformation/dietarysupplements/ucm381189.htm)

15. These FDA guidelines confirm, among other things, that "Beverages are conventional foods under the FD&C Act." The additional FDA factors to consider also overwhelmingly favor a finding here that Defendant's Celsius beverages are merely conventional foods:

| FDA GUIDELINES | CELSIUS'S OWN ADVERTISEMENTS/CLAIMS |
|---|---|
| A product is more likely to be a conventional food if it is intended to "refresh" as "such statements represent the product for use as a beverage, i.e., a conventional food" | "Celsius' new naturals line is also available in six refreshing flavors: 3 sparkling – grapefruit, cucumber lime, orange pomegranate and 3 non-carbonated – pineapple coconut, watermelon berry and strawberries & cream" |
| A product is more likely to be a conventional food if the product name uses "conventional food terms" such as "drink" | "Celsius is a fitness drink" and "an energy drink" |
| A product is more likely to be a conventional food if the product "is intended to be consumed in a single serving like other canned soft drinks" | Celsius's canned beverages come in non-resealable twelve and sixteen-ounce cans intended to be consumed in a single serving |
| A product is more likely to be a conventional food if utilizes marketing practices "that favorably compare the product to a category of beverages (e.g. sodas)" | Celsius boasts that its products "serve as a refreshing alternative to coffee and other caffeinated drinks." Celsius also offers a cola-flavored beverage with its Originals line |
| A product is more likely to be a conventional food if its marketing practices "market the product based on a typical beverage criteria like taste, refreshment, and thirst-quenching ability" | Celsius touts (1) that it comes in a "variety of flavors to fascinate your taste buds" and which are "great tasting;" (2) "With 18 flavors in total and 3 different lines, we've developed delicious options that deliver," and (3) that its products have "refreshing" qualities |

| FDA GUIDELINES | CELSIUS'S OWN ADVERTISEMENTS/CLAIMS |
|---|---|
| A product is more likely to be a conventional food if the producer is "paying for the product to be displayed in the beverage section of retail stores" | Celsius is merchandised with other energy drinks at numerous retail locations, including but not limited to 7-Eleven, Food Lion, Ralphs, and Target, and Rockstar is informed and believes that Celsius often provides consideration for such placements in the same section as these competitive energy drinks/conventional foods. |

16. Rockstar, Red Bull, and Monster, along with almost every other prominent energy drink manufacturer, properly label their beverages as conventional foods bearing a Nutrition Facts panel and they all accordingly adhere to the more stringent marketing and product claim scrutiny that comes with selling conventional beverages under the FDCA.

17. Defendant is the exception, as evidenced by the photo below, displaying a typical energy drink display, this one found at Target.



///

18. Every energy drink brand featured above, such as Rockstar, Red Bull, Monster, and AMP, is properly labeled as a conventional food with a Nutrition Facts panel. The only "dietary supplement" is Celsius, notwithstanding the fact it is placed in the energy drink section (at its own request) and that it is directly competitive with these products.

19. Celsius, despite containing primarily the same ingredients as these energy drink competitors, including such artificial sweeteners as sucralose, despite marketing itself as an energy drink, and despite being sold in the same energy drink section as these energy drink competitors, willfully misbrands its own products as dietary supplements in order to skirt the regulatory requirements that its competitors are subject to, as it pawns off its products as "HEALTHY ENERGY" and falsely implies they are healthy and contain fruit to an unsuspecting public.

20. Defendant's actions violate the Lanham Act and give rise to the associated state law claims herein regardless of whether it complies with the FDCA. However, Defendant's willful refusal to comply with the FDCA reveals a larger pattern concerning its efforts to deceive the general public and seek an unlawful advantage over its competition.

**DEFENDANT'S PRODUCTS DO NOT PROVIDE "HEALTHY ENERGY"**

21. Celsius unfairly competes against Rockstar and other energy drink competitors by asserting that its beverages provide "HEALTHY ENERGY."

22. By asserting that its energy drinks provide "HEALTHY ENERGY," Defendant is unquestionably asserting that its energy drinks are healthy and distinguishable from other energy drinks in the energy drink section, misleading consumers into believing that these competitive products are unhealthy, despite the fact that they contain essentially the same ingredients.

23. Defendant's products may be sugar free. They may be low in calories. They may be safe to consume. But they are not "HEALTHY."

24. Defendant's "Originals" and its "Heat" line of products contain sucralose, an artificial sweetener found in other energy drinks and sodas, including Diet Coke. Defendant's "Naturals" line of products contain erythritol, an artificial sweetener utilized by

many other conventional foods, including Rockstar and Monster.

25. While these artificial sweeteners are generally considered safe, they do not of course promote general health. Simply because a product is low in calories does not cause it to promote general health. Defendant's energy drinks, like many of Rockstar's products, Red Bull's products, Monster's products, Diet Coke, and Diet Pepsi, are low in calories and contain artificial sweeteners, but Celsius does not somehow magically promote general health and it is certainly not healthier than these other low calorie energy drinks or diet sodas. Sucralose-laden Diet Coke cannot claim that it provides "healthy energy" and neither can these Celsius products.

**CELSIUS'S MISLEADING CLAIMS REGARDING ITS "PROPRIETARY" FORMULATION**

26. Defendant's website describes Celsius as a drink "which has been clinically proven to function" due to Celsius's "proprietary" formulation that "accelerate[s] metabolism and burn[s] calories & body fat while providing *healthy energy*." (Emphasis added.) This advertisement falsely implies that other energy drinks not sharing Celsius's "proprietary" formulation, including Rockstar energy drinks, are unhealthy, even though Celsius and Rockstar each sell low to zero calorie products containing many of the same ingredients, including ascorbic acid (Vitamin C), niacinamide (Niacin), pyridoxine hydrochloride (Vitamin B6), cyanocobalamin (Vitamin B12), pantothenic acid, guarana seed extract, sucralose (and/or erythritol), and citric acid.

27. The truth is that Defendant's drinks do not provide "HEALTHY ENERGY" and its "proprietary formulation" does not support any claim to the contrary.

28. Celsius cites to various clinical studies in support of its claims. Tellingly, Celsius funded all but one of these studies. The single study not funded by Celsius, finding that "acute consumption of Celsius stimulates thermogenesis to a greater extent than Diet Coke" was acknowledged to be "not surprising, considering that Celsius contains 4.4 times more caffeine than Diet Coke per 12 oz." In other words, it is generally true that the greater the amount of caffeine, the greater the amount of thermogenesis (a fancy way of describing

heat production in the body), and Celsius simply has more caffeine than Diet Coke. Citing Celsius's "proprietary" formulation as the basis for this result, instead of the caffeine content, is nothing but a sham.

29. Outside of its own self-funded, self-serving studies, Celsius has failed to achieve a general recognition among qualified experts that its products provide "HEALTHY ENERGY."

30. Even though Defendant knows that it is caffeine which is responsible for the level of thermogenesis in its products, and that other energy drinks, including Rockstar, contain levels of caffeine similar to Celsius (if not more so), Celsius has misled and continues to mislead consumers into (falsely) believing that it is Defendant's "proprietary formula" which causes this effect.

31. Celsius boasts of a "proprietary" formula that if true by definition would not be found in Rockstar and other competitive energy drinks. By promoting its products as "HEALTHY ENERGY," due to its "proprietary formula," Celsius falsely implies that its products are healthier than Rockstar's products and other leading energy drinks, and further falsely implies that this "proprietary formula" makes its products healthier than competitive products, such as Rockstar, notwithstanding that Celsius contains many of the same ingredients and very similar amounts of caffeine as Rockstar and other energy drinks.

**CELSIUS FALSELY CLAIMS THAT ITS MISBRANDED PRODUCTS CONTAIN FRUIT**

32. Defendant's efforts to falsely portray its energy drinks as "healthy" do not stop with its claims of "HEALTHY ENERGY." Defendant's products also <u>prominently</u> display images of fruit on the front and center of the primary labeling panel, such as oranges, grapes, berries, kiwi, mango and strawberries. This imagery is equal in size to Celsius's own logo:

///

///

///

33. Notwithstanding this prominent labeling, these products do not actually contain any of these fruits, nor do they contain any such fruit juices. Defendant's labeling is thus further false and/or misleading because it represents that these products contain fruit when in fact they do not.

34. The FDA requires conventional beverages that contain no fruit juice, but use pictures of fruit on their label, to disclose that the beverage "contains 0% juice" or an equivalent declaration on the label. *See* 21 C.F.R. Section 101.30(d). While even compliance with this requirement does not immunize a beverage manufacturer from a false advertising claim, here Celsius seeks to avoid that obligation (and in fact does not disclose that its products do not contain juice) by misbranding its products as dietary supplements because the DSHEA does not have a similar requirement. Yet regardless of whether or not Defendant has misbranded its beverages, and regardless of whether it is in violation of the FDCA, Defendant's labels and advertisements are false and/or misleading for the reasons noted above.

35. In making these false and/or misleading claims regarding "HEALTHY ENERGY" arising from its "proprietary" formula, and by further conveying the illusory claim that its products are healthy and contain fruit, Celsius intended to, and continues to intend to, divert consumers from purchasing other energy drinks, such as those manufactured by Rockstar.

36. Rockstar has invested substantial resources to fairly advertise, label, promote, and market its brand and products. Celsius's false and/or misleading advertising asserting

that its products derived from a "proprietary" formulation are "healthier" than Rockstar, has caused and will continue to cause Rockstar to suffer lost sales, profits, and irreparable damage to its reputation and goodwill, and such harm will continue unless Defendant is enjoined by the Court.

37. Unless enjoined by the Court, Defendant's false advertising scheme will continue to induce the consuming public to purchase Celsius products based on these prominent false and misleading advertisements about the alleged benefits of Defendant's energy drinks.

**FIRST CLAIM FOR RELIEF**
**False Advertising**
**(15 U.S.C. § 1114(a))**

38. Rockstar incorporates by reference the allegations in the preceding paragraphs.

39. Through the actions described above, Celsius has made false and/or misleading descriptions and representations of fact about its energy drinks, which are offered in interstate commerce.

40. These false and/or misleading statements purposefully misrepresent the nature, characteristics, or qualities of Celsius's energy drinks, including but not limited to Defendant's claims that its "proprietary formula" causes the Celsius drinks to be "healthier" than other energy drinks, including but not limited to Rockstar, and that Celsius's products are also nutritious because they contain fruit and/or fruit juice, when in fact they do not and Defendant does not disclose this fact as required for its misbranded products.

41. At all relevant times, Celsius knew or should have known that its advertising and promotional activities described herein were false, and/or misleading, and/or deceptive.

42. Celsius's false and misleading statements have deceived, or have the tendency to deceive, a substantial segment of their intended audience about matters that are material to purchasing decisions, as evidenced by Defendant's own success once it began emphasizing these false and/or misleading claims.

///

43. At all relevant times, Celsius's false and/or misleading statements were and are made in commercial advertising and promotion in interstate commerce and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Rockstar has suffered, and is likely to continue suffering, damages to its business and goodwill, the loss of sales, and profits it would have made but for Celsius's wrongful acts, and increased advertising and marketing costs, all in an amount to be proven at trial.

45. Celsius's conduct has injured Rockstar and the general public, and unless enjoined, will continue to cause irreparable harm to Rockstar and the general public. The balance of equities and the public interest favor enjoining Celsius's unlawful conduct. Rockstar is therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

**SECOND CLAIM FOR RELIEF**
**Nevada Statutory Deceptive Trade Practices**
**(Nev. Rev. Stat. §§ 41.600 and 598.0915 *et seq.*)**

46. Rockstar incorporates by reference the allegations in the preceding paragraphs.

47. As alleged herein, Defendant has intentionally engaged in false and/or misleading advertising of its products, causing damage and irreparable harm to Rockstar, in violation of Nev. Rev. Stat. § 598.0915, *et seq.*

48. Defendant's aforementioned acts have been injured Rockstar and damaged Rockstar in an amount to be determined at trial.

49. Defendant's actions have irreparably injured Rockstar. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Rockstar's rights, for which Rockstar has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Nevada Common Law Unfair Competition**

50. Rockstar incorporates by reference the allegations in the preceding paragraphs.

51.     This claim arises under the common law of the State of Nevada for common law unfair competition.

52.     Defendant has intentionally promoted false and/or misleading statements about its products to unfairly compete with Rockstar in violation of the common law of the State of Nevada.

53.     Defendant's aforementioned acts have injured Rockstar and damaged Rockstar in an amount to be determined at trial.

54.     Defendant's actions have irreparably injured Rockstar. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Rockstar's rights, for which Rockstar has no adequate remedy at law

**PRAYER FOR RELIEF**

WHEREFORE, Rockstar prays for relief as follows:

A.     That the Court enter judgment in favor of Rockstar and against Defendant on all claims for relief alleged herein;

B.     For an order permanently enjoining and restraining Defendant, its agents, employees, and any related companies or persons in active concert with it, from employing the false and/or misleading statements contained herein, including but not limited to falsely claiming, either directly or by implication, in any advertising or promotional communications, that Defendant's Celsius products have certain qualities that they do not, and otherwise unfairly competing against Rockstar;

C.     For an order requiring Defendant to (1) deliver for destruction any and all products or physical items in Defendants' possession containing the false and/or misleading advertising and (2) certify in writing, under oath, the detail and manner in which Defendant has complied with the Court's Order on injunction;

D.     For an order requiring an accounting of all gains, profits, savings, and advantages realized by Defendant from its false advertising, unfair competition, and other violations of law as identified above;

///

**1**        E.      An order requiring Defendant to distribute, in a form to be approved by the Court, labeling and other advertising material to correct the false and/or misleading claims made by Defendant;

       F.      An award to Rockstar for damages attributable to Defendant's false and/or misleading advertising;

       G.      A finding that Defendant's conduct gives rise to an "exceptional case" due to the willful and purposeful nature of Defendant's false advertising, and awarding damages and attorneys' fees and costs to Rockstar pursuant to 15 U.S.C. § 1117, as well as treble damages and attorneys' fees to the fullest extent permitted by law;

       H.      For prejudgment interest and costs;

       I.      Punitive and exemplary damages as permitted by law and in an amount to be proven at trial; and

       J.      For any other relief the Court deems just and proper.

DATED: December 13, 2018          LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:     /s/ Michael J. McCue
Michael J. McCue
Nevada Bar No. 6055
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
Telephone: 702.949.8200
Email: mmccue@lrrc.com

*Attorneys for Plaintiff*
*ROCKSTAR INC.*

106809293_1

15