Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV  89117
Telephone:  702.420.2001
ecf@randazza.com

*Attorneys for Defendant*
*CELSIUS HOLDINGS, INC.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROCKSTAR, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CELSIUS HOLDINGS, INC., <br><br> Defendant. | Case No.:  2:18-cv-02371-GMN-NJK <br><br> **DEFENDANT CELSIUS HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ROCKSTAR, INC.'S COMPLAINT** <br><br> **JURY DEMAND** |

Defendant, Celsius Holdings, Inc. ("Celsius") answers Rockstar, Inc.'s Complaint as follows.

## INTRODUCTION

1. Celsius denies the allegations in Paragraph 1.
2. Celsius denies the allegations in Paragraph 2.

## PARTIES

3. Celsius is without sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies each and every allegation in Paragraph 3 of the Complaint.

4. Celsius denies it is a Florida corporation, but admits the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Celsius is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies each and every allegation in Paragraph 5 of the Complaint.

6. Celsius admits that it has distributed beverages to companies that have sold Celsius beverages in Nevada. The remaining allegations of Paragraph 6 are denied.

7. Celsius is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies each and every allegation in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Celsius is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies each and every allegation in Paragraph 8 of the Complaint.

9. Celsius is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies each and every allegation in Paragraph 9 of the Complaint.

10. Celsius admits that it was founded in or about 2004. The remaining allegations of Paragraph 10 are denied.

11. Celsius admits that it offers the products for sale depicted in the Complaint. The remaining allegations of Paragraph 11 are denied.

12. Celsius admits that it offers the products for sale depicted in the Complaint. Celsius denies the remaining allegations in Paragraph 12.

13. Celsius denies the allegations in Paragraph 13.

14. Celsius denies the allegations in Paragraph 14.

15. Celsius denies the allegations in Paragraph 15.

16. Celsius denies that Rockstar properly labels its beverages as conventional foods. Celsius is without sufficient information to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and therefore denies each and every remaining allegation in Paragraph 16 of the Complaint.

17. Celsius denies the allegations in Paragraph 17.

18. Celsius denies that Rockstar properly labels its beverages as conventional foods. Celsius is without sufficient information to admit or deny the remaining allegations in Paragraph 18 of the Complaint, and therefore denies each and every remaining allegation in Paragraph 18 of the Complaint.

19. Celsius denies the allegations in Paragraph 19.

20. Celsius denies the allegations in Paragraph 20.

21. Celsius denies the allegations in Paragraph 21.

22. Celsius denies the allegations in Paragraph 22.

23. Celsius denies the allegations in Paragraph 23.

24. Celsius is without sufficient information regarding the contents of other products referred to in this paragraph to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies each and every allegation in Paragraph 24 of the Complaint.

25. Celsius denies the allegations in Paragraph 25.

26. Celsius admits its products contain a proprietary formulation. Celsius admits its products make structure function claims and refers the Court to these actual claims on the Celsius products rather than those

excerpted by Plaintiff.  Otherwise, Celsius denies the allegations in Paragraph 26.

27. Celsius denies the allegations in Paragraph 27.

28. Celsius admits that its structure function claims are substantiated.  Otherwise, Celsius denies the allegations in Paragraph 28.

29. Celsius denies the allegations in Paragraph 29.

30. Celsius denies the allegations in Paragraph 30.

31. Celsius denies the allegations in Paragraph 31.

32. Celsius admits that the Complaint depicts images of Celsius products.  Otherwise, Celsius denies each and every remaining allegation in Paragraph 32.

33. Celsius denies the allegations in Paragraph 33.

34. Celsius denies the allegations in Paragraph 34.

35. Celsius denies the allegations in Paragraph 35.

36. Celsius is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 36 of the Complaint.  Celsius denies the allegations in the second sentence of Paragraph 36 of the Complaint.

37. Celsius denies the allegations in Paragraph 37.

## FIRST CLAIM FOR RELIEF

38. In response to Paragraph 38, Celsius restates its responses to Paragraphs 1 through 37.

39. Celsius denies the allegations in Paragraph 39.

40. Celsius denies the allegations in Paragraph 40.

41. Celsius denies the allegations in Paragraph 41.

42. Celsius denies the allegations in Paragraph 42.

43. Celsius denies the allegations in Paragraph 43.

44. Celsius denies the allegations in Paragraph 44.

45. Celsius denies the allegations in Paragraph 45.

## SECOND CLAIM FOR RELIEF

46. In response to Paragraph 46, Celsius restates its responses to Paragraphs 1 through 45.

47. Celsius denies the allegations in Paragraph 47.

48. Celsius denies the allegations in Paragraph 48.

49. Celsius denies the allegations in Paragraph 49.

## THIRD CLAIM FOR RELIEF

50. In response to Paragraph 50, Celsius restates its responses to Paragraphs 1 through 49.

51. Celsius denies the allegations in Paragraph 51.

52. Celsius denies the allegations in Paragraph 52.

53. Celsius denies the allegations in Paragraph 53.

54. Celsius denies the allegations in Paragraph 54.

Celsius denies the remainder of the allegations in the "Prayer for Relief" and denies that Rockstar is entitled to any relief from Celsius. Except as and to the extend expressly admitted herein, Celsius denies each and very allegation and prayer for relief as set forth in Rockstar's Complaint or otherwise.

## CELSIUS' AFFIRMATIVE DEFENSES TO THE COMPLAINT

Celsius hereby asserts and pleads the following defenses to Rockstar's claims for relief:

### FIRST AFFIRMATIVE DEFENSE
**Truth**

Some or all of Rockstar's claims are barred because the statements made by Celsius are true and/or not misleading and are therefore not actionable.

### SECOND AFFIRMATIVE DEFENSE
**No Injury or Damage**

The Complaint is barred because Rockstar has suffered no injury or damage as a proximate result of the claims in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
**Unclean Hands**

Rockstar has unclean hands as a result of Rockstar's own misconduct and unlawful acts and is therefore barred from asserting some or all of its claims for declaratory and injunctive relief against Celsius because Rockstar has engaged in precisely the same acts and practices that it accuses Celsius of engaging in in the Complaint. "The unclean hands doctrine derives from the equitable maxim that 'he who comes into equity must come with clean hands.'" *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). "This maxim 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" *Id.* (quoting *Precision Inst. Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945)); *accord N. E. Med. Servs., Inc. v. State of California Dep't of Health*, 670 F. App'x 615, 616 (9th Cir. 2016), *cert. denied sub nom. N. E. Med. Servs., Inc. v. California Dep't of Health & Human Servs.*, 137 S. Ct. 2171 (2017).

### FOURTH AFFIRMATIVE DEFENSE
### Statute of Limitations

Rockstar's Nevada Deceptive Trade Practices Act (NDTPA) and unfair competition claims are subject to a four-year statute of limitations. Because Rockstar filed its NDTPA and unfair competition claims on December 13, 2018, any damages or other remedies stemming from any alleged conduct associated with these claims that occurred prior to December 13, 2014 are time-barred.

### FIFTH AFFIRMATIVE DEFENSE
### Puffery

Some or all of Rockstar's claims are barred because statements made by Celsius alleged by Rockstar were non-actionable commercial puffery and vague statements that provide nothing concrete upon which the recipients of the communications could reasonably rely.

### SIXTH AFFIRMATIVE DEFENSE
### Standing

Rockstar's Nevada Deceptive Trade Practices Act (NDTPA) claim is barred because Rockstar is not a "victim" of consumer fraud, and thus Rockstar lacks standing. Under the NDTPA, "[a]n action may be brought by any person who is a victim of consumer fraud." NRS 41.600(1). Rockstar, as a competitor, is not a "victim" within the meaning of NRS 41.600.

### SEVENTH AFFIRMATIVE DEFENSE
### Standing

Rockstar's claims are barred because Rockstar is not competitor of Celsius in the market for dietary supplements inasmuch as the statements of identity for each company's respective products are different and they do not compete within the same market.

### EIGHTH AFFIRMATIVE DEFENSE
**No Double Recovery**

Rockstar cannot be awarded damages for the same accused acts of Celsius that are cast in multiple theories of recovery. Therefore, Rockstar's claims for damages must fail.

### NINTH AFFIRMATIVE DEFENSE
**Unjust Enrichment**

Rockstar seeks a recovery that it is not entitled to recover, and the award of judgment sought by Rockstar would unjustly enrich Rockstar. Therefore, Rockstar's claims for damages must fail.

### TENTH AFFIRMATIVE DEFENSE
**Failure to Mitigate Damages**

Through its actions and inactions, Rockstar has failed to mitigate the damages it seeks in this action. Therefore, The Rockstar's claim for damages in the Complaint must fail.

### ELEVENTH AFFIRMATIVE DEFENSE
**Preemption**

The U.S. Supreme Court's decision in *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014) notwithstanding, Rockstar's claims against Celsius are preempted by the Food, Drug & Cosmetics Act (FDCA) as amended by the Dietary Supplement Health in Education Act (DSHEA), and the regulations promulgated thereunder. Rockstar's claims are not complementary to the FDCA as amended by DSHEA, they displace remedies provided for in the FDCA as amended by DSHEA, and Congress did not intend for Rockstar to be a private enforcer of, among other things, who can use "dietary supplement" as a statement of identity and who cannot, whether a product is misbranded or not, whether a claim is proper or not, and as a result this case is outside the exception for FDA preemption announced in *POM Wonderful*.

### TWELVTH AFFIRMATIVE DEFENSE
#### Preclusion

The U.S. Supreme Court's decision in *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014) notwithstanding, Rockstar's claims against Celsius are precluded by the FDCA and FDA rulemaking regarding dietary supplements and dietary supplement claims because Rockstar's claims are not complementary to the FDCA as amended by DSHEA, they displace remedies provided for in the FDCA as amended by DSHEA, and Congress did not intend for Rockstar to be a private enforcer of who can use "dietary supplement" as a statement of identity and who cannot, whether a product is misbranded or not, whether a claim is proper or not, and as a result this case is outside the exception for FDA preclusion announced in *POM Wonderful*.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### First Amendment

The claims asserted by Rockstar relate to issues on which Celsius enjoys freedom of commercial speech under the First Amendment and are therefore not subject to restriction by this court except in accordance with *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557 (1980) and its progeny under circumstances that are absent or inapplicable here.  Celsius' statements are statements of fact, opinion, or otherwise permitted to describe its products.

### PRAYER FOR RELIEF

WHEREFORE, Celsius prays that the Court enter judgment as follows:

1. Entering judgment for Celsius on all claims made against Celsius in the Complaint, and ordering that Rockstar take nothing on its Complaint.

2. Order that Rockstar pay Celsius' attorneys' fees and costs as provided by 15 U.S.C. § 1117, the NDTPA and/or pursuant to any applicable law; and

3. Grant Rockstar such other and further relief as the Court may deem just.

## JURY DEMAND

Celsius demands a jury trial on all claims so triable.

DATED: January 30, 2019

*/s/ Marc J. Randazza*
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702.420.2001
ecf@randazza.com

*Attorneys for Defendant*
*Celsius Holdings, Inc.*

Case No. 2:18-cv-02371-GMN-NJK

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 30th, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ Heather Ebert
Employee,
Randazza Legal Group, PLLC

- 11 -
Celsius' Answer and Affirmative Defenses
2:18-cv-02371-GMN-NJK