UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROCKSTAR, INC.,

    Plaintiff(s),

v.

CELSIUS HOLDINGS, INC.,

    Defendant(s).

Case No.: 2:18-cv-02371-GMN-NJK

**ORDER**

(Docket No. 33)

Pending before the Court is Plaintiff's motion to compel. Docket No. 33. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 33, 36, 37. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons stated below, the motion is **DENIED** without prejudice.

**I.   BACKGROUND**

This case arises from Defendant's use of the term "healthy energy" on its drinks. Docket No. 1 at 3. Plaintiff alleges three claims: false advertising, deceptive trade practices, and unfair competition. *Id.* at 12–13. At bottom, Plaintiff submits that Defendant's "attempt to tout its [drinks] as a 'healthy' alternative to other 'unhealthy' energy drinks is nothing short of a marketing charade that disparages and damages its direct competitor[,]" Plaintiff. *Id.* at 2.

On March 6, 2019, Plaintiff served Defendant with interrogatories and sets of requests for admission and for production. Docket No. 33 at 2. Defendant responded, after a few extensions, in May 2019, objecting to most of Plaintiff's requests. *See* Docket Nos. 33-5, 33-6, 33-7. On June 7, 2019, Plaintiff's counsel sent a "meet and confer letter [to Defendant's counsel] outlining the deficiencies in their responses, requesting amended responses by June 21, 2019." Docket No. 33 at 3. Defendant's counsel failed to respond to the letter, saying later that he had misplaced it. *Id.*

1

On July 9, 2019, the parties' counsel engaged in a meet-and-confer telephone call. *Id.* Defendant declined to amend any of its responses. *Id.* Defendant's counsel agreed, however, to give legal authority for its objections by July 12, 2019, and feedback on a proposed protective order that Plaintiff's counsel had sent in March 2019. *Id.* at 3–4. Three days after the meet-and-confer call, Defendant's counsel sent Plaintiff's counsel a letter stating that Defendant would stand on its objections for the requests for admission and for production, needed to review the proposed protective order for the interrogatories, and would comment by July 16, 2019. *Id.* at 4. Defendant's counsel later agreed to the proposed protective order and further agreed to provide amended interrogatory responses no later than August 1, 2019. *Id.*

On July 30, 2019, Plaintiff's counsel sent another meet and confer letter to Defendant's counsel. *Id.* The letter proposed that Defendant "answer the requests for admission that were concerning facts not reasonably subject to dispute" no later than August 13, 2019; Plaintiff "would limit its requests generally to the time period from January 1, 2016 to the present," unless otherwise stated, no later than August 13, 2019; and Defendant "withdraw its objections [to the interrogatories based] on confidentiality grounds" and "provide substantive responses" no later than August 1, 2019. *Id.* at 4–5.

On August 2, 2019, Defendant's counsel sent another letter to Plaintiff's counsel, stating that Defendant would withdraw its interrogatory objections related to confidential information but would maintain its other objections. *Id.* at 5. Defendant failed to respond to any other requests for admissions and to withdraw its objections to any interrogatories. *Id*. As a result, Plaintiff filed the pending motion to compel.

**II.   ANALYSIS**

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer as defined by LR IA 1-3(f) before filing the motion, and (2)

includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993).

To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]

Courts may look beyond the certification made to determine whether a sufficient meet-and-confer occurred. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). To meet the consultation obligation, parties must also meet-and-confer, before bringing a motion to compel, if the circumstances underlying the discovery dispute have changed. *See, e.g.*, *McNamara v. Hallinan*, 2019 WL 918984, at *2 n.3 (D. Nev. Feb. 25, 2019) (citing *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, at *2 (D. Nev. June 10, 2013) (finding meet-and-confer insufficient given changed circumstances).

Here, there are intractable discovery disputes with many requests and issues. In fact, the motion to compel seeks responses to five requests for admission, twelve interrogatories, and thirty-

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

nine requests for production—in total, fifty-six discovery matters. Docket No. 33 at 6–13. The sheer volume of disputes is a red flag that sufficiently meaningful conferral efforts did not take place. *Cf. King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010). The specific circumstances confirm the same. For example, Defendant originally objected in part to several interrogatories on the basis that the questions sought "trade secret or other confidential research, development, or commercial information." Docket No. 33 at 9. The parties, however, have since entered into a protective order. Docket No. 31. Further, Defendant submits that, a week before Plaintiff moved to compel, Defendant set up an "ESI database" and "will produce relevant documents upon receipt of [] search terms from" Plaintiff. Docket No. 36 at 5; *see also* Docket No. 37 at 4 n.2. Defendant also submits that "it will be producing documents forthwith." Docket No. 36 at 5. Thus, the disputes within the motion to compel are not properly before the Court and additional personal consultation is required because circumstances have changed since the filing of the motion to compel.

Accordingly, Plaintiff's motion to compel is **DENIED** without prejudice. Docket No. 33. Any renewed motion may be brought only after a proper meet-and-confer has been conducted on the current universe of issues presented. Any renewed motion must also be constructed so that meaningful discussion supported by legal authority is presented on each argument being presented for resolution.

IT IS SO ORDERED.

Dated: October 24, 2019

_____
Nancy J. Koppe
United States Magistrate Judge